UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSEPH PIARD,**<br><br>　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**ERIN MURPHY, ASSISTANT DISTRICT ATTORNEY,**<br><br>　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)　　**CIVIL ACTION**<br>)　　**NO. 24-40130-MRG**<br>)<br>)<br>)<br>)<br>) |

**ORDER**
December 9, 2024

**GUZMAN, D.J.**

　　Plaintiff Joseph Piard, who is confined at the North Central Correctional Institution in Gardner, Massachusetts, brings this action against Assistant District Attorney ("ADA") Erin Murphy under 42 U.S.C. § 1983 ("§ 1983"). *See* Complaint, ECF 1. Piard contends that ADA Murphy violated his constitutional rights by suborning perjury when she called a trial witness that Piard contends made fraudulent statements. *Id.* Piard seeks "25Million in damage[s]." *Id.* at 12. He did not pay the filing fee nor seek leave to proceed *in forma pauperis*. *See* Docket.

　　Piard's complaint is subject to an initial screening under 28 U.S.C. § 1915A (providing for the screening of a complaint brought by a prisoner against a government entity or employee). Under § 1915A, a complaint filed in a federal district court may be dismissed on an initial screening if it fails to state a claim upon which relief may be granted.

　　Prosecutors are absolutely immune from suit under § 1983 for "their conduct in initiating a prosecution and presenting the State's case ... insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks omitted) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). To

determine when a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it, nor to the 'particular act' in isolation." *Penate v. Kaczmarek*, 928 F.3d 128, 135 (1st Cir. 2019) (internal citations omitted).

Because ADA Murphy's alleged conduct was directly linked to the judicial process, she is absolutely immune. Piard cannot maintain a suit against her for calling witnesses nor introducing false testimony or fabricated evidence at trial. *See generally Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). Therefore, the defendant prosecutor is immune from Piard's claim against her.

Even with a generous reading of the complaint, it fails to state a claim upon which relief may be granted. In light of the nature of the claims asserted, the Court finds that amendment would be futile. *Garayalde-Rijos v. Mun. of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2024